899 So.2d 453 (2005)
CUBIC TRANSPORTATION SYSTEMS, INC., Appellant,
v.
MIAMI-DADE COUNTY; Miguel De Grandy, P.A.; and Scheidt & Bachman USA, Inc., Appellees.
No. 3D05-364.
District Court of Appeal of Florida, Third District.
April 6, 2005.
*454 Weiss Serota Helfman Pastoriza Guedes Cole & Boniske and Edward G. Guedes and Mitchell A. Bierman, Miami, for appellant.
Robert A. Ginsburg, County Attorney and Bruce Libhaber, Assistant County Attorney, Miami, for Miami-Dade County; Miguel De Grandy and Stephen M. Cody, Miami, for Miguel De Grandy, P.A.; Shutts & Bowen and Joseph Goldstein, Fort Lauderdale, for Scheidt & Bachman USA, Inc., appellees.
Before GERSTEN and WELLS, JJ. and SCHWARTZ, Senior Judge.
SCHWARTZ, Senior Judge.
The trial court's factual determination that Cubic Transportation Systems, Inc., failed adequately to protect an alleged trade secrets claim from the effect of the Public Records Act by taking "efforts that are reasonable under the circumstances to maintain its secrecy[,]" § 688.002(4)(b), Fla. Stat. (2004); § 812.081(1)(c), Fla. Stat. (2004); Sepro Corp. v. Fla. Dep't of Envtl. Prot., 839 So.2d 781, 783-84 (Fla. 1st DCA 2003), is well supported by the evidence. It shows, among other things, that, although it did so in other instances, Cubic failed to mark the documents now in question as "confidential," and continued to supply them, without asserting even a (legally ineffectual) post-delivery claim to confidentiality for some thirty days after it had once attempted to do so by so informing County staff. See Sepro Corp., 839 So.2d at 784 ("The trade secret owner who fails to label a trade secret as such, or otherwise to specify in writing upon delivery to a state agency that information which it contends is confidential and exempt under the public records law is not to be disclosed, has not taken measures or made efforts that are reasonable under the circumstances to maintain the information's secrecy. As a practicaland therefore as a legalmatter, a conversation with a state employee is not enough to prevent the information being made available to anybody who makes a public records request.")(emphasis added). On this basis, and without reaching any of the other issues presented, including the existence and scope of a generalized trade secrets exception to section 119.07, Florida Statutes (2004), the order under review compelling production is
Affirmed.