Dear Mr. Gaskalla:
As Director of the Division of Plant Industry in the Department of Agriculture and Consumer Services, you ask substantially the following question:
Does the Florida Department of Agriculture and Consumer Services, Division of Plant Industry, have the authority to protect confidential business information it receives?
In sum:
Authorized representatives of the Division of Plant Industry in the Department of Agriculture and Consumer Services are prohibited from disclosing trade secrets received in carrying out their duties under Chapter 581, Florida Statutes, to any unauthorized person, provided such trade secrets fall within the definition set forth in section812.081(1)(c), Florida Statutes, and the owner of the trade secret has taken measures to maintain the information's secrecy.
According to your letter, the division is interested in participating in a biotechnology regulatory services pilot project with the United States Department of Agriculture (USDA). Before the division may participate in such project, however, the USDA requires the opinion of the state Attorney General regarding the division's authority to protect confidential business information.
You have not provided this office with information regarding the pilot project nor have you identified the type of confidential business information in question. You refer, however, to the provisions of section581.199, Florida Statutes, relating to trade secrets. As a state agency, the Department of Agriculture and Consumer Services is subject to the provisions of the Florida Public Records Law.[1] In the absence of a statute making a record, or portion thereof, confidential or exempt, an agency is required to permit the inspection and copying of records made or received by the agency in connection with the transaction of its official business.[2]
The Legislature, however, has adopted a number of exemptions relating to trade secrets. Relevant to the division is section 581.199, Florida Statutes, which states:
"It is unlawful for any authorized representative who in an official capacity obtains under the provisions of this chapter any information entitled to protection as a trade secret, as defined in s. 812.081, to use that information for personal gain or to reveal it to any unauthorized person."
Section 581.011(4), Florida Statutes, defines "Authorized representative" to mean "any designated employee, inspector, or collaborator of the division [of Plant Industry of the Department of Agriculture and Consumer Services] or the United States Department of Agriculture." Thus, division representatives who obtain information under Chapter 581, Florida Statutes, that is entitled to protection as a trade secret as defined in section 812.081, Florida Statutes, are prohibited from revealing such information to any unauthorized person. Section 812.081(1)(c), defines "Trade secret" to mean:
"the whole or any portion or phase of any formula, pattern, device, combination of devices, or compilation of information which is for use, or is used, in the operation of a business and which provides the business an advantage, or an opportunity to obtain an advantage, over those who do not know or use it. "Trade secret" includes any scientific, technical, or commercial information, including any design, process, procedure, list of suppliers, list of customers, business code, or improvement thereof. Irrespective of novelty, invention, patentability, the state of the prior art, and the level of skill in the business, art, or field to which the subject matter pertains, a trade secret is considered to be:
1. Secret;
2. Of value;
3. For use or in use by the business; and
4. Of advantage to the business, or providing an opportunity to obtain an advantage, over those who do not know or use it
when the owner thereof takes measures to prevent it from becomingavailable to persons other than those selected by the owner to haveaccess thereto for limited purposes ."[3] (e.s.)
In addition, the First District Court of Appeal in Sepro Corporation v.Florida Department of Environmental Protection, [4] has concluded that section 815.045, Florida Statutes, [5] "should be read to exempt from disclosure as public records all trade secrets as defined in [section812.081(1)c), Florida Statutes]. . . ." Although section 815.045 is placed in a chapter entitled Computer-Related Crimes, the Sepro court held that language of this provision should be read to exempt from disclosure as public records all trade secrets as defined in section 812.081(1)(c), Florida Statutes, whether or not they are stored on or transmitted by computers.
As noted above, section 812.081(1)(c), Florida Statutes (which definition is applicable to exemption afforded the division in section 581.199, Florida Statutes), requires the trade secret owner to take measures to prevent it from becoming available to persons other than those selected by the owner to have access thereto for limited purposes. The Sepro court held that a trade secret owner who fails to label a trade secret as such, or otherwise to specify in writing upon delivery to a state agency that information which it contends is confidential and exempt under the public records law is not to be disclosed, has not taken measures or made efforts that are reasonable under the circumstances to maintain the information's secrecy as required by section 812.081, Florida Statutes (and section 688.002, Florida Statutes).[6] The court further noted that a conversation with a state employee was not enough to prevent the information being made available to anybody who makes a public records request.
Thus, authorized representatives of the Division of Plant Industry in the Department of Agriculture and Consumer Services are prohibited from disclosing trade secrets received in carrying out their duties under Chapter 581, Florida Statutes, to any unauthorized person, provided such trade secrets fall within the definition set forth in section812.081(1)(c), Florida Statutes, and the owner of the trade secret has taken measures, as discussed in Sepro Corporation v. Florida Departmentof Environmental Protection, supra, to maintain the information's secrecy.
Sincerely,
 Bill McCollum Attorney General
BM/tjw
[1] See Ch. 119, Fla. Stat., and s. 119.011(2), Fla. Stat., which defines "Agency" for purposes of Ch. 119, Fla. Stat., to include:
"any state, county, district, authority, or municipal officer, department, division, board, bureau, commission, or other separate unit of government created or established by law including, for the purposes of this chapter, the Commission on Ethics, the Public Service Commission, and the Office of Public Counsel, and any other public or private agency, person, partnership, corporation, or business entity acting on behalf of any public agency."
[2] Wait v. Florida Power Light Company, 372 So. 2d 420 (Fla. 1979) (public records are open for public inspection unless the Legislature has exempted them from disclosure). See, e.g., s. 119.01(1), Fla. Stat., stating that "[i]t is the policy of this state that all state, county, and municipal records are open for personal inspection and copying by any person. Providing access to public records is a duty of each agency;"
s. 119.07(1)(a), Fla. Stat., providing that "[e]very person who has custody of a public record shall permit the record to be inspected and copied by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public records." And see Art. I, s. 24, Fla. Const., establishing a constitutional right of access to "any public record made or received in connection with the official business of any public body, officer, or employee of the state, or persons acting on their behalf, except with respect to those records exempted pursuant to this section or specifically made confidential by this Constitution."
[3] And see s. 688.002(4), Fla. Stat., defining "Trade secret" to mean
"information, including a formula, pattern, compilation, program, device, method, technique, or process that:
(a) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and
(b) Is the subject of efforts that are reasonable under thecircumstances to maintain its secrecy ." (e.s.)
[4] 839 So. 2d 781, 785-787 (Fla. 1st DCA 2003), review denied subnom., Crist v. Florida Department of Environmental Protection, 911 So. 2d 792 (Fla. 2005).
[5] Section 815.045, Fla. Stat., provides:
"The Legislature finds that it is a public necessity that trade secret information as defined in s. 812.081, and as provided for in s. 815.04(3), be expressly made confidential and exempt from the public records law because it is a felony to disclose such records. Due to the legal uncertainty as to whether a public employee would be protected from a felony conviction if otherwise complying with chapter 119, and with s. 24(a), Art. I of the State Constitution, it is imperative that a public records exemption be created. The Legislature in making disclosure of trade secrets a crime has clearly established the importance attached to trade secret protection. Disclosing trade secrets in an agency's possession would negatively impact the business interests of those providing an agency such trade secrets by damaging them in the marketplace, and those entities and individuals disclosing such trade secrets would hesitate to cooperate with that agency, which would impair the effective and efficient administration of governmental functions. Thus, the public and private harm in disclosing trade secrets significantly outweighs any public benefit derived from disclosure, and the public's ability to scrutinize and monitor agency action is not diminished by nondisclosure of trade secrets."
[6] 839 So. 2d at 784. And see Cubic Transportation Systems, Inc. v.Miami-Dade County, 899 So. 2d 453, 454 (Fla. 3d DCA 2005) (where a company supplied documents to an agency and failed to mark them as "confidential" and "continued to supply them without asserting even a [legally ineffectual] post delivery claim to confidentiality for some thirty days after it had once attempted to do so by so informing County staff," the company failed adequately to protect an alleged trade secret claim). (emphasis supplied by the court). Cf. Seta Corporation of Boca,Inc. v. Office of the Attorney General, 756 So. 2d 1093 (Fla. 4th DCA 2000).