940 So.2d 1281 (2006)
NORTH BROWARD HOSPITAL DISTRICT, Petitioner,
v.
Haylee Ann KROLL, Cynthia J. Hutchinson, and Jacob M. Kroll, III, Respondents.
No. 4D05-4310.
District Court of Appeal of Florida, Fourth District.
November 8, 2006.
*1282 Vanessa A. Reynolds and Janine Kalagher McGuire of Conrad & Scherer, LLP, Fort Lauderdale, for petitioner.
Philip M. Burlington of Burlington & Rockenbach, P.A., West Palm Beach, and Scott M. Newmark of Sheldon J. Schlesinger, P.A., Fort Lauderdale, for respondents.
Jerome W. Hoffman of Holland & Knight LLP, Tallahassee, and Michael G. Tanner and Cynthia L. Hain of Holland & Knight LLP, Jacksonville, for Amicus Curiae Florida Hospital Association, Inc.
PER CURIAM.
Petitioner seeks certiorari review of a trial court order requiring the production of incident reports and peer review records in a medical malpractice suit pending since 1996. Petitioner sought these records after the voters adopted Amendment 7 on November 2, 2004. See Art. X, § 25, Fla. Const. (2004) ("In addition to any other similar rights provided herein or by general law, patients have a right to have access to any records made or received in the course of business by a health care facility or provider relating to any adverse medical incident."). The Legislature enacted legislation construing Amendment 7 not to apply to "records created, incidents occurring, or actions pending before November 2, 2004." See Chap. 2005-265, § 1, Laws of Fla. (effective June 20, 2005); see also § 381.028(5), Fla. Stat. (2006). In ordering the production of these medical records, the trial court held that Amendment 7 was self-executing and extended to records created before its adoption. The trial court therefore held the statute unconstitutional.
We agree with the trial court's conclusions and deny the petition. In doing so, we adopt the First District's reasoning and *1283 rulings in Notami Hospital of Florida Inc. v. Bowen, 927 So.2d 139 (Fla. 1st DCA 2006). We note that the Fifth District has also addressed these issues in Florida Hospital Waterman Inc. v. Buster, 932 So.2d 344 (Fla. 5th DCA 2006). The Fifth District held the statute unconstitutional and the constitutional provision self-executing, but did not conclude that it could be retroactively applied. We agree with the retroactivity analysis contained in Notami. We therefore certify conflict with Buster.
Petition denied.
WARNER, POLEN and TAYLOR, JJ., concur.