975 So.2d 442 (2007)
Floyd L. WELLNER, Appellant,
v.
EAST PASCO MEDICAL CENTER, INC., n/k/a Florida Hospital Zephyrhills, Inc.; and Stan Schultz, as Personal Representative of the Estate of George R. Hunter, D.O., Appellees.
No. 2D05-2079.
District Court of Appeal of Florida, Second District.
March 23, 2007.
Philip M. Burlington of Burlington & Rockenbach, P.A., West Palm Beach; and Jack Scarola, Darryl L. Lewis, and Rosalyn Sia Baker-Barnes of Searcy Denney Scarola Barnhart & Shipley, P.A., West Palm Beach, for Appellant.
Jack E. Holt, III, of Grower, Ketcham, Rutherford, Bronson, Eide & Telan, P.A., Maitland, for Appellees.
ALTENBERND, Judge.
Floyd L. Wellner appeals a final judgment in favor of East Pasco Medical Center, Inc., n/k/a Florida Hospital Zephyrhills, Inc.; and Stan Schultz, as Personal Representative of the Estate of George R. Hunter, D.O. This is a medical malpractice lawsuit in which Mr. Wellner unsuccessfully claimed that the medical negligence of Dr. Hunter and employees of the Medical *443 Center resulted in the amputation of his right leg. The issue Mr. Wellner raises on appeal relates to the implementation of article X, section 25, of the Florida Constitution. Under the specific facts presented, we hold that the trial court did not abuse its discretion when it refused to reopen discovery or allow trial subpoenas to be used to implement the constitutional amendment in this case. The trial court also did not abuse its discretion when it refused to continue the case. Accordingly, we affirm the judgment below.
Mr. Wellner, a type II diabetic, developed an infection in his right foot after attending a Valentine's Day "clogging" dance on February 14, 1999. The injury was initially diagnosed as a sprain. By the end of February, however, it became clear that the foot was infected. In March 1999, following further medical complications, doctors performed an amputation of Mr. Wellner's right leg, just below the knee. He filed suit against various health care providers, alleging that the misdiagnosis caused him an otherwise unnecessary amputation.
Although the case was first noticed for trial in 2001, it was not actually tried until late 2004. The final order setting the case for trial was entered on April 20, 2004. It set the case for trial beginning November 15, 2004. The order provided that discovery would close on November 2, 2004, and that pretrial would occur on the following day.
As this case was approaching trial, the citizens of Florida were considering whether to adopt article X, section 25, of the Florida Constitution. This article is entitled "Patients' right to know about adverse medical incidents," and it generally provides a substantive right to have access to "any records made or received in the course of business by a health care facility or provider relating to any adverse medical incident." Art. X, § 25(a), Fla. Const. On July 15, 2004, the supreme court approved this proposed amendment for placement on the ballot. See Advisory Opinion To The Attorney General re: Patients' Right To Know About Adverse Medical Incidents, 880 So.2d 617 (Fla. 2004). On the same day that discovery closed in this case, the voters went to the polls and voted in favor of this amendment. The results of this election were certified on November 15, 2004.
At the pretrial conference, the day after the election, Mr. Wellner's counsel did not move to extend or reopen discovery. The possible application of article X, section 25, did not arise until Mr. Wellner's counsel served a series of discovery requests on November 8five days after pretrial and one week prior to trial. On that same date, Mr. Wellner's counsel also filed a "motion to shorten time for response to discovery or alternatively for continuance of trial." The trial court denied the motion the day it was served.
The case proceeded to trial. After jury selection, the court revisited Mr. Wellner's requests that any documents available pursuant to article X, section 25, be produced at trial. The trial court again denied the requests and a subsequent request to continue the trial. After several weeks of trial, the jury returned its verdict in favor of the defendants.
The only issue on appeal from this lengthy proceeding is the trial court's decision not to implement article X, section 25, in this case. Mr. Wellner argues that the issue presented by this case is whether the provisions of this constitutional amendment are self-executing, and thus do not require a special legislative enactment. See, e.g., Notami Hosp. of Fla., Inc. v. Bowen, 927 So.2d 139 (Fla. 1st DCA 2006); Fla. Hosp. Waterman, Inc. v. Buster, 932 So.2d 344 (Fla. 5th DCA), review granted, *444 926 So.2d 1269 (Fla.2006); N. Broward Hosp. Dist. v. Kroll, 940 So.2d 1281 (Fla. 4th DCA 2006).[1] While this issue is well argued, it is not the controlling issue in this case. Admittedly, the trial court expressed doubt that the provision could be immediately activated without statute or rule of procedure. Nevertheless, the trial court did not abuse its discretion by determining that the recent vote of the people was not a sufficient basis to reopen discovery in a case that had been pending for years.
Even if the amendment is self-executing, a question that the supreme court is not likely to resolve for several more months, it did not suspend rules of procedure or orders of court. Outside this lawsuit, Mr. Wellner was free to demand compliance with the new constitutional right and to bring a separate lawsuit if he concluded that the relevant health care providers did not fulfill his right. Inside this lawsuit, any such request needed to be made within the confines of the relevant court orders. Mr. Wellner made no effort to continue the case during the summer when the passage of this amendment was a well-publicized possibility. He did not even discuss this new development at pretrial the day after the election. He waited until the defendants were in the final stages of preparing for a lengthy trial to raise this issue. In addition, there is nothing in the sixty-two volumes of appellate record that would suggest that the denial of these eleventh-hour discovery requests prevented Mr. Wellner from adequately preparing and presenting his case.[2] Having arranged to go to trial with a discovery cutoff on November 2, and having completed very thorough discovery by that point in time, Mr. Wellner had no procedural right to this additional discovery at the time he requested it. He has not demonstrated that the trial court abused its discretion by proceeding to trial in compliance with the conditions contained in the order setting this case for trial.
Affirmed.
CASANUEVA and VILLANTI, JJ., Concur.
NOTES
[1] These three cases are currently pending before the Florida Supreme Court as case numbers SC06-912, SC06-688, and SC06-2425, respectively.
[2] Indeed, even if Mr. Wellner received evidence of other "adverse medical incidents" through the process permitted by article X, section 25, it is not clear that such evidence would be admissible at trial to prove a defendant's negligence in this adverse medical incident. See generally § 90.404, Fla. Stat. (2006).