PER CURIAM.
Amisub North Ridge Hospital, Inc., a non-party in the circuit court, seeks certio-rari review of an order requiring production of peer review materials pursuant to Article X, Section 25 of the Florida Constitution, entitled “Patients’ right to know about adverse medical incidents.” That constitutional provision was passed by the voters in November 2004 as Amendment 7. See Fla. Hosp. Waterman, Inc. v. Buster, 984 So.2d 478, 481 n. 1 (Fla.2008). We deny the petition.
Amisub North Ridge Hospital, Inc. initiated peer review proceedings regarding Dr. Catherine Sonaglia. Sonaglia filed suit against Dr. Stephen Silverstein alleging both defamation and tortious interference with an advantageous business relationship. Sonaglia contended that Silverstein tried to take patients away from her, and that when she tried to get them back, Silverstein defamed her to get her thrown off the hospital’s medical staff.
In her lawsuit, Sonaglia tried to take discovery from physicians and others involved in the peer review process. Also, Sonaglia sought to obtain hospital records relating to Stacey Daley, a non-party and former patient of Sonaglia, as well as peer review and other materials of Sonaglia and Silverstein. Although not a party to the lawsuit below, Daley’s treatment is at the center of this litigation and she is a witness to the tortious interference claim. Attached to Sonaglia’s subpoena duces te-cum was an affidavit from Daley.
In the affidavit, Daley asked that hospital records pertaining to any adverse medical incident involving Daley be turned over to her and to Sonaglia’s attorney. Daley indicated that she was a patient of Sonag-lia and that “proceedings” against the doctor may have arisen out of her treatment of Daley. The affidavit states that after a successful surgery by Sonaglia, with which Daley was pleased, Daley learned that Silverstein removed her as a patient of Son-aglia and listed her as one of his own patients. Although she had never met Silverstein, Daley claimed that Silverstein had fraudulently noted in her file that he had physically examined her. Daley’s affidavit waived any privacy or confidentiality protections she had in her records and requested the materials under Article X, Section 25.
The hospital produced billing and medical records, but refused to produce peer review materials, contending that Article X, Section 25 did not apply to this case. After the decision in Waterman in March 2008, the hospital filed a renewed motion for protective order. After a hearing, the circuit court entered an order requiring production.
The hospital challenges the discovery order by certiorari, which is an appropriate method of review in this case. See All *1001 About Cruises, Inc. v. Cruise Options, Inc., 889 So.2d 905 (Fla. 4th DCA 2004); Florida Dep’t of Health & Rehab. Servs, v. Myers, 675 So.2d 700, 701 (Fla. 4th DCA 1996).
The hospital’s petition makes various arguments challenging the court’s order requiring production of peer review materials: that Sonaglia’s request did not serve a “proper purpose” under Amendment 7; that Sonaglia has no standing to enforce Daley’s constitutional right and Sonaglia lacks standing herself, as she is not seeking to educate herself in order to make a health care decision and is not a patient seeking to sue her doctor for medical malpractice; that Sonaglia is not seeking the records for a “proper purpose” and is not a “proper patient representative;” and that the use of Amendment 7 in this case is pretextual, in that this is not a medical malpractice action where documents are relevant, but a case where Daley seeks to further the interests of her former physician against another physician.
To sum up, the hospital seeks the imposition of a “standing” limitation on Amendment 7, so that it applies only when the material requested will further a “proper purpose” under the amendment. There is no basis for this court to engraft such restrictions onto the language of the amendment.
Although it evolved from a different context, Waterman addressed many issues that underlie the hospital’s arguments here. The Florida Supreme Court explained that protection previously afforded to peer-review materials was not a privilege, and that such materials were not “confidential,” as medical providers had never had a vested, substantive right to keep peer review proceedings secret. 984 So.2d at 490-91.
As construed by Waterman, Amendment 7 removed any barrier to a patient’s discovery of adverse medical incident information, including the peer review protections provided by the statute. Waterman expressly found that the legislature’s attempts in section 881.028, Florida Statutes (2005), to limit the applicability of Amendment 7 were unconstitutional, including those sections purporting to exclude “existing privilege statutes” from the reach of the amendment. Id. at 492-93.
After Waterman’s construction of Amendment 7, the hospital has no basis in this case to contest the production of peer review materials that relate to an adverse medical incident. Daley is a patient under Article X, Section 25(c)(2). The amendment does not limit the definition of a “patient” to one seeking the information for any type of “proper purpose.” The amendment does not require the information a patient seeks to be relevant to a pending medical malpractice action or to a medical care decision. See Morton Plant Hosp. Ass’n v. Shahbas, 960 So.2d 820, 825 (Fla. 2d DCA 2007) (holding that Amendment 7 contains no requirement that records sought be relevant to any pending litigation).
Amendment 7 does not limit the persons to whom a patient can reveal information once obtained. Thus, Daley’s request to furnish the materials to Sonaglia’s lawyer was not improper. Daley does not seek disclosure of materials that do not relate to an adverse medical incident. We recognize that there are sound policy reasons for limiting access to peer review materials; however, as the Supreme Court recognized in Waterman, Amendment 7 “heralds a change in the public policy of this state to lift the shroud of privilege and confidentiality in order to foster disclosure of information” in favor of patients. 984 So.2d at 494.
*1002 The circuit court’s order does not depart from the essential requirements of law so as to warrant certiorari relief. See All About Cruises, 889 So.2d at 907.
KLEIN, GROSS and MAY, JJ„ concur.