NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

BARTOW HMA, LLC a/k/a BARTOW )
REGIONAL MEDICAL CENTER, )
                                                   )
      Petitioner, )
                                                   )
v. )      Case No. 2D14-5970
                                                   )
OLLIE J. KIRKLAND; LARRY D. THOMAS, )
M.D.; JAMES R. SMITH, M.D.; LINDA )
HOLT; SCHUMACHER GROUP OF )
FLORIDA, INC.; POLK EMERGENCY )
GROUP, LLC, )
                                                   )
      Respondents. )
_____ )

Opinion filed July 31, 2015.

Petition for Writ of Certiorari to the Tenth
Circuit Court for Polk County; J. Dale
Durrance, Judge.

Michael R. D'Lugo of Wicker, Smith,
O'Hara, McCoy & Ford, P.A., Orlando, for
Petitioner.

John W. Frost II and Lydia S. Zbrzeznj of
Frost Van den Boom, P.A., Bartow, for
Respondent Ollie J. Kirkland.

No appearance for remaining Respondents.

MORRIS, Judge.

Bartow Regional Medical Center (BRMC) petitions for certiorari review of an order requiring it to produce various documents in the underlying medical malpractice action brought by Ollie J. Kirkland.  This proceeding follows a prior BRMC petition for writ of certiorari that we granted in Bartow HMA, LLC v. Kirkland, 126 So. 3d 1247 (Fla. 2d DCA 2013).[1]  In the prior case, we granted the petition because the trial court ordered a blanket production of all the items identified on BRMC's privilege logs without specifically determining whether those documents related to adverse medical incidents within the meaning of article X, section 25(a) of the Florida Constitution, also known as "Amendment 7."  126 So. 3d at 1254.  Because our quashal of the trial court's order required the trial court to conduct a further review, we set forth specific guidelines to assist the trial court in making its determination on that issue as well as in determining whether the privileges being claimed by BRMC were preempted by Amendment 7.

On further review, the trial court conducted an in camera inspection and rendered a new order requiring the disclosure of all of the requested documents with the exception of two redactions.  That order is the subject of BRMC's petition for certiorari in this proceeding.  We conclude that the trial court departed from the essential requirements of law by requiring the production of documents that do not appear to be related to adverse medical incidents within the meaning of Amendment 7 and for which a statutory protection from disclosure might apply.  We further conclude that the trial

---

[1]The underlying facts and procedural history of the case are detailed in that case and need not be repeated here.

- 2 -

court's order causes material injury to BRMC that cannot be remedied on appeal.[2]  We therefore grant the petition.

As we noted in our prior opinion, "[u]nder Amendment 7, a patient is 'entitled to any of the hospital's records relating to any adverse medical incident' and '[t]here is no requirement that the records . . . be relevant to any pending litigation.' " Kirkland, 126 So. 3d at 1252 (second alternation in original) (quoting Morton Plant Hosp. Ass'n v. Shahbas ex rel. Shahbas, 960 So. 2d 820, 825 (Fla. 2d DCA 2007)). Additionally, "Amendment 7 trumps the application of the statutory discovery protections set forth in sections 395.0191, 395.0193, 395.0197, and 766.101[, (Florida Statutes (2012),] to the extent that documents for which those protections are asserted contain reports of adverse medical incidents." Id. at 1253.

"However, 'Amendment 7 does not require production of documents relating to general policies and procedures of [health care facility peer review, risk management, quality assurance, credentials, or similar] committees or other documents that do not contain information about particular adverse medical incidents.' " Id. (alternation in original) (quoting Morton Plant, 960 So. 2d at 827); see also W. Fla. Reg'l Med. Ctr., Inc. v. See, 18 So. 3d 676, 690 (Fla. 1st DCA 2009) (interpreting an "adverse medical incident" to mean "a specific incident involving a specific patient that caused or could have caused injury to or the death of that patient" (emphasis added)), approved, 79 So. 3d 1 (Fla. 2012).  Thus, neither a document detailing policies and procedures for handling adverse medical incidents generally nor a document containing general credentialing information unrelated to an adverse medical incident would be

---

[2]See Kirkland, 126 So. 3d at 1251-52 (explaining the standard for certiorari review).

- 3 -

discoverable under Amendment 7.  See Kirkland, 126 So. 3d at 1253; see also W. Fla. Reg'l Med. Ctr., Inc., 18 So. 3d at 690 (holding that trial court departed from the essential requirements of the law by ordering the disclosure of doctors' training records within credentialing files because "there is no established adverse medical incident to which the documents of the doctors' training relate"); Baptist Hosp. of Miami, Inc. v. Garcia, 994 So. 2d 390, 393 (Fla. 3d DCA 2008) (holding that trial court departed from the essential requirements of the law by requiring overly broad disclosure of a list of documents within physician's credentialing file).

In this case, our review is somewhat hampered by the lack of explanation in the trial court's order.  Although the trial court recited our instructions from our prior opinion, it then concluded the order by summarily stating:

> The court has conducted an in camera review of each and every document listed in BRMC's privilege logs, following the roadmap set forth [by the Second District Court of Appeal, and] [w]ith the exception of two (2) additional redactions in Box 1, section 2 (name of patient), and Box 2, section 1 (name of patient), each document listed in BRMC's privilege logs is relevant, material, and discoverable.

There were no separate findings relating to Amendment 7 or any statutory protection.

During this court's review of the challenged documents, it immediately became apparent that not all of the documents related to adverse medical incidents, i.e., those relating to an actual patient versus policies on how to handle adverse medical incidents generally.  Further, while some of the meeting minutes involved discussion of issues that could relate to adverse medical incidents, those same meeting minutes also included discussion of issues unrelated to adverse medical incidents.  Examples of documents that did not relate to adverse medical incidents include:

- 4 -

> - General policies and procedures for handling patient cases
> - Meeting minutes involving discussion of policies on how to handle adverse events generally
> - Reports from various hospital departments that contained no indication they related to adverse medical incidents
> - Credentials committee reports listing various physician credentials (not just the physician involved in this case)
> - Performance improvement plans and risk management safety program documents
> - Quality Assessment documents relating to the handling of "sentinel events" or other significant acts generally
> - Committee meeting minutes involving discussion of hiring decisions and future hospital development plans
> - Certification form listing various physicians and their training
> - Lab culture reports

And our review of the entire credentialing file of the physician involved in this case leads to the same result: it contains documents unrelated to adverse medical incidents.

Examples include:

> - Thank you notes
> - Reappointment forms
> - Delineation of privileges forms
> - List of types of surgeries performed
> - Personal references
> - Insurance policy information
> - License verification, continuing education, and board certification forms
> - College transcripts

It is clear from our review then that many of the documents would not be discoverable under Amendment 7.

Further it appears that at least some of the documents could fall within the statutory protections set forth in sections 381.028(6)(b), 395.0191(8), 395.0193(8), and 766.101(5), Florida Statutes (2012). But because the trial court failed to specifically address whether the claimed statutory privileges applied, we do not know whether the trial court even considered that issue.

Thus once again we conclude that the trial court departed from the essential requirements of the law in ordering the production of the challenged documents. Although the trial court indicated in its order that it followed this court's prior instructions, it is apparent to us that additional guidance is needed to avoid further complicating this "procedural and evidentiary quagmire" of discovery proceedings. Kirkland, 126 So. 3d at 1254. If the trial court again conducts an in camera review, it should list each document and delineate whether it is subject to discovery under Amendment 7 or, if not, whether it is subject to protection from disclosure under the various statutes relied on by BRMC. If the trial court determines that a portion of a document is not discoverable under Amendment 7 and is protected by statute, it should require redaction of that portion of the document. Though we recognize the burden that the trial court will face by having to wade through the approximately 3000 pages of documents at issue, we conclude that that is the only way to ensure that each document is thoroughly reviewed under both an Amendment 7 and statutory protection analysis. Further, if the trial court issues yet another discovery order that is brought to this court for review, such a detailed analysis would ensure that this court is not left to guess at the basis for the discovery of each document.

Petition granted and order quashed.


BLACK and SLEET, JJ., Concur.