NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

EAST BAY NC, LLC; CLEAR CHOICE          )
HEALTH CARE, LLC; and MARGARET          )
DALTON (as to EAST BAY                   )
REHABILITATION CENTER),                  )
                                         )
      Petitioners,                  )
                                         )
v.                                       )      Case No. 2D18-3604
                                         )
THE ESTATE OF ELISABETH                  )
DJADJICH, by and through MELANIE         )
K. REDDISH, Personal Representative,     )
                                         )
      Respondent.                   )
_____ )

Opinion filed May 31, 2019.

Petition for Writ of Certiorari to the Circuit
Court for Pinellas County; George M.
Jirotka, Judge.

Bruce D. Peisner, Lisa M. Albrecht, and
Kirsten K. Ullman of Ullman Bursa Law,
Tampa, for Petitioners.

Joanna Greber Dettloff and Megan L.
Gisclar of Wilkes & McHugh, P.A., for
Respondent.


BADALAMENTI, Judge.

      East Bay NC, LLC, and Clear Choice Health Care, LLC, petition this court

for a writ of certiorari directed at three discovery orders granting four motions to compel

discovery filed by the Estate of Elisabeth Djadjich, through its personal representative, Melanie K. Reddish (the Estate). We grant the petition in part to the extent that the orders require production of documents that East Bay and Clear Choice objected to on the basis of various statutory privileges.

In 2016, Elisabeth Djadjich was a resident of East Bay Rehabilitation Center, a nursing facility licensed pursuant to chapter 400, Florida Statutes. Ms. Djadjich died after her discharge. In 2017, the Estate filed a complaint against East Bay and Clear Choice, seeking damages for wrongful death, negligence, and violations of certain nursing home residents' rights. During the litigation, the Estate propounded two requests for production and a set of interrogatories to East Bay and one request for production and a set of interrogatories to Clear Choice, all of which are at issue here.

East Bay and Clear Choice responded to the requests for production by producing documents responsive to some requests and objecting to the rest. East Bay and Clear Choice each objected to many of the requests as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. They also asserted secondary objections based on the quality assurance and peer review privileges set forth in various state statutes, work-product doctrine, and attorney-client privilege. They further objected to some of the document requests on grounds that the requests are violative of the privacy rights of employees and violative of the right to be free from discovery of confidential financial information. East Bay and Clear Choice also provided answers to the interrogatories served by the Estate.

The Estate then filed a motion to compel East Bay to provide better responses to the first interrogatories and a motion to compel production with the first and second requests for document production. It also filed a motion to compel Clear

Choice to provide better responses to the first interrogatories and a motion to compel production with the first request for document production. In three separate orders, the trial court granted the four motions to compel filed by the Estate.

As an initial matter, we note that the three discovery orders on review here contain no findings or specific rulings on any of the objections raised by East Bay and Clear Choice. The two orders pertaining to East Bay direct East Bay, within twenty days of the date of the order, to produce all documents responsive to the forty-seven requests at issue in the first request for production and the seven requests at issue in the second request for production. One of the orders also requires East Bay to provide better answers to the three interrogatories at issue. The order pertaining to Clear Choice directs Clear Choice, also within twenty days of the date of the order, to produce all documents responsive to the twenty-one requests at issue in the first request for production and to provide better answers to the seven interrogatories at issue.

East Bay and Clear Choice timely filed the petition for certiorari before this court. They argue that the discovery orders depart from the essential requirements of law because the trial court did not specifically rule upon their objections and failed to conduct an in-camera inspection before issuing orders that force disclosure of "cat out of the bag" discovery. We agree.

"Certiorari review of a discovery order is appropriate when it 'departs from the essential requirements of law, causing material injury to a petitioner throughout the remainder of the proceedings below and effectively leaving no adequate remedy on appeal.' " Bright House Networks, LLC v. Cassidy, 129 So. 3d 501, 505 (Fla. 2d DCA 2014) (quoting Ameritrust Ins. Corp. v. O'Donnell Landscapes, Inc., 899 So. 2d 1205, 1207 (Fla. 2d DCA 2005)). An order that compels discovery of privileged information

departs from the essential requirements of law because once such "information is disclosed, there is no remedy for the destruction of the privilege available on direct appeal."  Estate of Stephens v. Galen Health Care, Inc., 911 So. 2d 277, 279 (Fla. 2d DCA 2005) (citing Martin-Johnson, Inc. v. Savage, 509 So. 2d 1097, 1099 (Fla. 1987)).  When parties dispute that documents are protected under certain statutory provisions, the proper course is for the trial court to conduct an in-camera inspection to determine if the requested documents are discoverable.  Tampa Med. Assocs. v. Estate of Torres, 903 So. 2d 259, 262 (Fla. 2d DCA 2005).

An order may also depart from the essential requirements of law when it "requires production of documents—without explanation—despite objections that statutory protections apply."  Harborside Healthcare, LLC v. Jacobson, 222 So. 3d 612, 616 (Fla. 2d DCA 2017) (citing Bartow HMA, LLC v. Kirkland, 171 So. 3d 783, 785 (Fla. 2d DCA 2015)).  "That is, where the trial court fails to specifically address whether claimed statutory privileges apply, leaving this court 'to guess at the basis for the discovery of each document' and as to whether the trial court even considered the objection, certiorari relief may be warranted."  Id. (quoting Kirkland, 171 So. 3d at 786-87).

Here, East Bay and Clear Choice raised objections to producing some of the documents requested by the Estate on the basis of various statutory privileges.  The three discovery orders that granted the Estate's motions to compel direct East Bay and Clear Choice to produce all documents responsive to the requests at issue.  Because the orders require production of all documents without explanation, it is unclear whether the trial court even considered the second-tier objections asserted by East Bay and Clear Choice, which were based on various statutory privileges.  The absence of an

explanation as to whether the claimed statutory privileges apply leaves "this court 'to guess at the basis for the discovery of each document' and as to whether the trial court even considered the objection." Id. (quoting Kirkland, 171 So. 3d at 786-87).

In Harborside, this court quashed a portion of a discovery order granting a motion to compel documents responsive to requests for production filed by Jacobson's estate. 222 So. 3d at 616. The estate had filed a complaint against a nursing facility seeking damages for wrongful death, negligence, and violations of nursing home residents' rights. Id. at 613-14. The estate propounded requests for production to the nursing facility, and the nursing facility responded by producing documents responsive to some requests and objecting to the rest. Id. The nursing facility included objections as to the scope of discovery, asserting that the requests were overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Id. at 614. "It also objected to various requests as subject to quality assurance, peer review, attorney-client, or work-product privileges; as proprietary documents; as violative of the privacy rights of [the nursing facility]'s employees; and as violative of the Health Insurance Portability and Accountability Act of 1996 (HIPAA)." Id. The estate then filed a motion to compel production of the documents it requested. Id. The trial court granted the motion to compel in full, requiring the production of documents—without explanation—despite objections that statutory protections apply. Id. at 616. This court quashed the trial court order in part. Id.

Just as in Harborside, the trial court orders here leave this court to guess as to whether the trial court even considered the statutory objections raised by East Bay and Clear Choice. The orders require East Bay and Clear Choice to disclose

information that may be privileged.  As such, we quash the trial court orders to the extent that they require production of documents that East Bay and Clear Choice objected to on the basis of various statutory privileges.  See id. at 616.

Petition granted in part and denied in part; orders quashed in part.

NORTHCUTT and SLEET, JJ., Concur.