423 So.2d 545 (1982)
FORTUNE PERSONNEL AGENCY OF FT. LAUDERDALE, INC., a Florida Corporation, Petitioner,
v.
SUN TECH INC. OF SOUTH FLORIDA, a Florida Corporation, D/B/a Sun Tech of South Florida, Robert Sackett and Michael Winess, Respondents.
No. 82-396.
District Court of Appeal of Florida, Fourth District.
December 15, 1982.
Marshall G. Curran, Jr., of Spear, Deuschle & Curran, P.A., Fort Lauderdale, for petitioner.
Gary E. Garbis of Virgin, Whittle & Garbis, Miami, for respondents.
GLICKSTEIN, Judge.
There is a legal crescendo among employers throughout this country who appropriately contend that they are the risk-takers in the commercial world; and that, having accumulated trade secrets while facing and surmounting those risks, they should be protected from employees to whom they have entrusted their hard-earned secrets.[1] Such contention is at the heart of petitioner's amended complaint.
Years before the legislature acted on the general subject, the courts of this state recognized customer lists[2] and business information[3] as trade secrets and protected employers whose employees were exposed to confidential information. Then the legislature enacted section 90.506, Florida Statutes (1979)  which was in effect when petitioner's alleged causes of action arose; it provides:

*546 A person has a privilege to refuse to disclose, and to prevent other persons from disclosing, a trade secret owned by him if the allowance of the privilege will not conceal fraud or otherwise work injustice. When the court directs disclosure, it shall take the protective measures that the interests of the holder of the privilege, the interests of the parties, and the furtherance of justice require. The privilege may be claimed by the person or his agent or employee.
Petitioner seeks a writ of certiorari to quash an order of the trial court which required the divulgence of trade secrets. As the order reads, and in the present posture of the litigation between the parties, we are concerned that it may not truly manifest the trial court's intent.
To be more specific, when the trial court entered the order we are being asked to quash, there existed in the trial court a temporary restraining order in favor of petitioner. That order enjoined respondents from using any confidential information of the petitioner of which they may have been possessed. In fact, one of respondents' arguments in their response to the present petition was that they needed the information which the present questioned order made available to them so that they would not be subject to contempt of the temporary restraining order.
While the present petition was pending, this court held that the trial court should have dissolved the temporary restraining order pursuant to Florida Rule of Civil Procedure 1.610(b)(2) because, in essence, the order was without notice and had expired after ten days from the date of entry.[4] For all we know, the trial court entered the order under review in reliance upon the continued existence of the temporary restraining order. That certainly would explain the absence of any language in the order under review restricting the use of the subject information.[5] In any event, that order cannot stand as it was entered when the temporary restraining order was in existence.
In view of the seriousness of the harm that can result from the non-protection of trade secrets (which the courts and the legislature of this state have recognized expressly), and the necessity to balance protection against the right of discovery in a pending action in which the subject matter is those secrets,[6] we grant the writ and *547 quash the order. This will enable the trial court to consider the motions involved without the existence of a temporary restraining order.
ANSTEAD and HURLEY, JJ., concur.
NOTES
[1] See Note, Protection of Trade Secrets in Florida, 24 U.Fla.L.Rev. 721 (1972):

Theft of trade secrets is a growing concern for many industries in the nation. As the cost of research and development increase the theft of trade secrets becomes a lucrative, although somewhat immoral, alternative to the expenditure of one's own funds. The art of industrial espionage has reached such a high level of sophistication that some companies pay executives 35,000 dollars a year to combat the problem. Yet of the estimated $3 billion worth of trade secrets stolen annually, only five per cent are obtained through industrial espionage; the remainder being learned by employees in the course of their employment and later utilized by them or their subsequent employers.
(Footnotes omitted.) See also 8 J. Wigmore, Evidence § 2212 (McNaughton rev. 1961).
[2] See Bert Lane Co. v. International Indus., Inc., 84 So.2d 5 (Fla. 1955); Inland Rubber Corp. v. Helman, 237 So.2d 291 (Fla. 1st DCA 1970).
[3] See Orkin Exterminating Co. v. Truly Nolen, Inc., 117 So.2d 419 (Fla. 3d DCA), cert. denied, 120 So.2d 619 (Fla. 1960).
[4] Sun Tech Inc. v. Fortune Personnel Agency, 412 So.2d 962 (Fla. 4th DCA 1982).
[5] The order restrains respondents' further divulgence, not use.
[6] It is surprising to us that none of the parties mention section 90.506, Florida Statutes (1979), to this court. Having been advised by the parties that no transcript exists of the hearing which led to the order under review we can only speculate what kind of reference, if any, was made to the statute at the trial level. The Law Revision Council Note  1976, to the section, says in part:

This section recognizes a privilege to refuse to disclose trade secrets if the lack of disclosure does not tend to conceal fraud or otherwise work injustice. When a court orders disclosure, the section provides for the issuance of a protective order.
The issue of trade-secret privilege usually arises when a litigant seeks to compel disclosure of secret information which is commercially valuable to his opponent. Florida Rule of Civ.Pro. 1.280(c)(7) which permits the trial judge, upon motion of a party from whom discovery is sought, to issue a protective order "that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way" is extended by this section to evidentiary matters at trial. The difference in circumstances at the discovery stage and at the trial may be such as to require a different ruling at the trial.
The purpose of the privilege is to prohibit a party from using the duty of a witness to testify as a method of obtaining a valuable trade secret when the lack of disclosure will not jeopardize more important interests. It is widely recognized that the trade-secret privilege is not absolute. 8 Wigmore, Evidence § 2212(3) (McNaughton rev. 1961). In each case the judge must weigh the importance of protecting the claimant's secret against the interests in facilitating the trial and promoting a just end to the litigation. See 15 Wayne L.Rev. 1286, 1347 (1969). Such factors as the potential impact of disclosure upon the holder's business, see Note, Protection of Trade Secrets in Florida: Are Present Remedies Adequate?, 24 U.Fla.L.Rev. 721 (1972), protection afforded by copyright and patent laws, see Calif.Evid.Code § 1060 (Law Revision Commission Comment), and necessity of disclosure to the presentation of the opponent's case, see 15 Wayne L.Rev. 1286, 1349 (1969), may guide the judge in deciding whether to order disclosure. However, the judge is afforded wide discretion to permit the privilege to be invoked so long as the wrongdoer is not allowed to conceal his acts.
This section permits the judge to order disclosure in any manner designed to protect the secret. While the most common means would probably be the in camera proceeding, other possible means of protecting the secret may include sealing the part of the record describing the secret, prohibiting disclosure of the secret to a witness, omitting details of the secret from the record, and wording the opinion in terms avoiding disclosure of the secret. See Annot., Safeguarding Trade Secrets, 62 A.L.R.2d 509 (1958).