564 So.2d 580 (1990)
FEDERAL DEPOSIT INSURANCE CORPORATION, As Liquidator of Bayshore Bank of Florida, Petitioner,
v.
Caron J. BALKANY, Respondent.
No. 90-242.
District Court of Appeal of Florida, Third District.
July 24, 1990.
Stuzin and Camner, P.A., and Richard Bernstein and Jeffrey H. Sloman, Miami, for petitioner.
Elizabeth Koebel Russo, Miami, for respondent.
Before FERGUSON, JORGENSON and GERSTEN, JJ.
PER CURIAM.
The Federal Deposit Insurance Corporation [F.D.I.C], as liquidator of Bayshore Bank of Florida, petitions for a writ of common law certiorari seeking review of an order denying its motion for a protective order. For the following reasons, we grant the petition and quash the order under review.
In June, 1988, the F.D.I.C. sued various parties on a note under which the Bayshore Bank had provided financing on a restaurant project. The defendants filed a counterclaim and affirmative defenses alleging that Bayshore Bank had released them from their obligations under the note, had issued a letter of credit in connection with a sale and refinancing arrangement, and had breached financing commitments. The F.D.I.C. answered the counterclaim and alleged that, because the documents relied on by the defendants were not found in Bayshore Bank's files, the F.D.I.C. was immune from any claims based on those documents under the rule of law announced by the Supreme Court in D'Oench, Duhme & Co. v. Federal Deposit Insurance Corp., 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942).[1] Defendants undertook discovery to determine whether, in fact, the documents in question were contained in the bank's files and, if not, whether they had been somehow removed, and by whom. After some initial conflict over the scope of discovery, the trial court entered an order that read, in pertinent part, as follows:
Discovery shall be permitted as to all materials which may be even peripherally relevant to the transaction on which Defendants have been sued. Specifically, the FDIC shall produce all minutes, letter of credit files, and release files from the time the Whistler's transaction *581 was brought into Bayshore Bank until the date of the closing of the Bank.
The trial court departed from the essential requirements of the law. The order under review gives the defendants free rein to delve into bank records that involve the financial transactions of parties not even remotely (or peripherally) related to the defendants' business in order to substantiate their contention that, somewhere in the bank's minutes or files, they would find traces of the missing documents. Defendants have made no showing that the documents they seek to examine are relevant or reasonably calculated to lead to relevant evidence. At oral argument, counsel for defendants candidly admitted that defendants wish to go through all of Bayshore Bank's minutes, letter of credit files, and release files for the time period in question, in hopes of finding some reference to the allegedly missing documents, or actually finding a misplaced document.
It was error for the trial court to order production of records of loan transactions not related to the pending case. City Federal Savings & Loan Ass'n v. Cushman & Wakefield of Pennsylvania, Inc., 537 So.2d 689 (Fla. 2d DCA 1989). Production of those documents implicates privacy rights of persons not aware of the intrusion, and not connected in any way to the transaction at issue.[2] The rule that allows a party to request production of its opponent's records "is in no sense designed to afford a litigant an avenue to pry into his adversary's business or go on a fishing expedition to uncover business methods, confidential relations, or other facts pertaining to the business." Hollywood Beach Hotel & Golf Club, Inc. v. Gilliland, 140 Fla. 24, 191 So. 30 (1939). The order under review allows such a fishing expedition, and cannot stand.
The petition is GRANTED; the order under review is QUASHED.
NOTES
[1] We do not reach the issue of whether the D'Oench, Duhme doctrine applies in this case. The sole issue before this court is whether the trial court departed from the essential requirements of the law in entering the discovery order under review.
[2] This proposed intrusion becomes no less invasive upon the trial court's order that confidentiality be maintained or defendants' assurances that names of unrelated third parties will be redacted.