641 So.2d 434 (1994)
CAC-RAMSAY HEALTH PLANS, INC., a Florida corporation, f/k/a CAC-Ramsay, Inc., Petitioner,
v.
Cary J. JOHNSON, Respondent.
No. 94-1403.
District Court of Appeal of Florida, Third District.
August 9, 1994.
Rehearing Denied September 14, 1994.
*435 Adorno & Zeder and Raoul G. Cantero, III and Alix J.M. Apollon, Miami, for petitioner.
Waldman, Feluren & Ferrer and Craig J. Trigoboff, North Miami Beach, for respondent.
Before SCHWARTZ, C.J., and BASKIN and COPE, JJ.
BASKIN, Judge.
CAC-Ramsay Health Plans, Inc. [CAC], seeks review of a trial court order compelling discovery of its employee records. We grant certiorari and quash the order under review.
Cary J. Johnson, a former CAC employee, filed an employment discrimination action against CAC alleging that he was wrongfully terminated based on his race. Johnson served a request for document production of files of black and hispanic employees and employees who were fired or disciplined from "October 1, 1988, to the present." Johnson also requested the records of employees fired for misuse of telephone, radio or tape recorders.[1] CAC objected to the request asserting that the request was over-broad, and that the production of those documents would violate the employees' rights to privacy in their personnel records. The trial court ordered CAC to produce the documents. CAC filed this petition for review.
Holding that the trial court departed from the essential requirements of law in granting such a broad discovery request, and that there is no adequate remedy on appeal, we grant certiorari review. Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla. 1987). It is error for the trial court to order the wholesale disclosure of personnel files containing confidential information of employees not related to the pending case. "Production of those documents implicates privacy rights of persons not aware of the intrusion, and not connected in any way to the transaction at issue." Federal Deposit Ins. Corp. v. Balkany, 564 So.2d 580, 581 (Fla. 3d DCA 1990). The personnel files in question contain a wide array of nonparty employees' information, including "confidential and sensitive information about each of [CAC's] employees, such as social security numbers, home addresses, telephone numbers, background investigations, drug test results, counseling reports, evaluations... ." The production of the complete files of virtually all black and hispanic employees and former employees during Mr. Johnson's employment would reveal extensive personal information which is not reasonably calculated to lead to the discovery of admissible evidence. Clearly, some of those files do not contain information relevant to Johnson's claim. Thus, the request is overbroad. Fla. R.Civ.P. 1.280(b)(1); see Haywood v. Samai, 624 So.2d 1154 (Fla. 4th DCA 1993).
"[T]he party seeking discovery of confidential information must make a showing of necessity which outweighs the countervailing interest in maintaining the confidentiality of such information." Higgs v. Kampgrounds of Am., 526 So.2d 980, 981 (Fla. 3d DCA 1988). Although Johnson is entitled to some documentation of employment information at CAC in order to establish his discrimination *436 claim, he has not demonstrated a necessity for the production of each employee's entire file which outweighs the employee's interest in protecting the confidential information contained in the files. Thus, the order compelling production of the employee records may not stand. We therefore quash the order under review. On remand, the trial court must fashion a more narrowly tailored discovery order ensuring Johnson access to the information to which he is entitled while safeguarding the present and former employees' privacy.[2] Fla.R.Civ.P. 1.280(c). See Krypton Broadcasting of Jacksonville, Inc. v. MGM-Pathe Communications Co., 629 So.2d 852 (Fla. 1st DCA 1993).
Certiorari granted; order quashed.
NOTES
[1] Johnson's request states:

Any and all personnel records which pertain to or relate in any manner to the following persons of classes of persons (which include information pertaining to individual employees and/or former employees), including, but not limited to, applications, evaluations, background investigations, letters of reference, complaints, commendation, grievances, reprimands, counseling, pay records and other personnel data of any kind or nature, whether or not the same is maintained in a personnel file: (a) All black employees who were employed by CAC at any time from October 1, 1988 to the present.
(b) All hispanic employees who were employed by CAC at any time from October 1, 1988 to the present.
(c) All black and hispanic CAC employees who have been discharged or disciplined for any reason at CAC at any time from October 1, 1988 to the present.
(d) All CAC employees who have been observed, warned, disciplined or terminated at any time from October 1, 1988 to the present, for making or receiving personal phone calls or using a radio and/or tape recorder while employed at CAC.
[2] Both parties have acceded to such measures including redaction of sensitive information, a confidentiality order or in camera inspection.