756 So.2d 1093 (2000)
SETA CORPORATION OF BOCA, INC., Petitioner,
v.
OFFICE OF the ATTORNEY GENERAL, DEPARTMENT OF LEGAL AFFAIRS, STATE OF FLORIDA, Respondent.
No. 4D99-4052.
District Court of Appeal of Florida, Fourth District.
May 3, 2000.
*1094 Keith A. Goldbaum of Friedman, Rosenwasser & Goldbaum, P.A., Boca Raton, and Howard D. DuBosar and L. Rachel Dolnick of Greenberg Traurig, P.A., Boca Raton, for petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Frank J. Ingrassia, Assistant Attorney General, Fort Lauderdale, for respondent.
KLEIN, J.
Petitioner seeks a writ of certiorari quashing an order requiring petitioner to produce information which petitioner alleges contains personnel files, trade secrets, and financial information. We grant the writ, but only as to the personnel files.
Petitioner is a mail order business which uses what it describes as "sweepstake mailings" to advertise and promote products. The state filed this action against petitioner alleging that these mailings are false, deceptive, or misleading.
In CAC-Ramsay Health Plans, Inc. v. Johnson, 641 So.2d 434, 435 (Fla. 3d DCA 1994), the third district explained:
It is error for the trial court to order the wholesale disclosure of personnel files containing confidential information of employees not related to the pending case. "Production of those documents implicates privacy rights of persons not aware of the intrusion, and not connected in any way to the transaction at issue." Federal Deposit Ins. Corp. v. Balkany, 564 So.2d 580, 581 (Fla. 3d DCA 1990). The personnel files in question contain a wide array of nonparty employees' information, including "confidential and sensitive information about each of [CAC's] employees, such as social security numbers, home addresses, telephone numbers, background investigations, drug test results, counseling reports, evaluations...."
We agree with the above reasoning and, as the third district did, find that the trial court departed from the essential requirements of law in requiring the production of the personnel files in toto.
We deny the writ insofar as the financial and trade secret information is concerned. It is significant in this case that it is the State of Florida, not a competitor, who is seeking this information. The trial court wisely provided in the order requiring production that the state could not produce any of the information it receives pursuant to a request under the public records law without giving petitioner ten days notice to seek a court order.
In Fortune Personnel Agency of Ft. Lauderdale, Inc. v. Sun Tech, Inc., of South Florida, 423 So.2d 545, 546 n. 6 (Fla. 4th DCA 1982), we noted:
The issue of trade-secret privilege usually arises when a litigant seeks to compel disclosure of secret information which is commercially valuable to his opponent.
* * *
The purpose of the privilege is to prohibit a party from using the duty of a witness to testify as a method of obtaining a valuable trade secret when the lack of disclosure will not jeopardize more important interests.
We also observed that courts can order disclosure of trade secrets so long as protections are taken to see that they are not disclosed to competitors. See also Freedom Newspapers, Inc. v. Egly, 507 So.2d 1180, 1184 (Fla. 2d DCA 1987)(production of trade secret information not as likely to be abused where party seeking information is not a competitor and has "no real interests in the business techniques.").
Because petitioner has not demonstrated irreparable damage arising from the production of the financial information and trade secret information under the facts in this case, we deny the petition as to that information, but grant it as to the personnel files.
WARNER, C.J., and STONE, J., concur.