WARNER, J.
Petitioner seeks certiorari review of an order compelling discovery. It claims the information requested is protected by the right of privacy, the Florida Consumer Collection Practices Act, and the Federal Fair Debt Collections Practices Act. We hold that neither the right of privacy nor the consumer protection acts prohibit disclosure of the information.
Respondent, Mario De Castro, sued petitioner, Florida First Financial Group, Inc., a debt collection agency, for damages in connection with its allegedly wrongful attempts to collect a sum of money from De Castro that De Castro alleged was never due. The complaint alleged petitioner’s employees telephoned De Castro and essentially badgered, insulted, and made false representations in order to collect the purported debt. Causes of action were stated for intentional infliction of emotional distress and for violations of the Federal Fair Debt Collection Practices Act and the Florida Deceptive and Unfair *791 Trade Practices Act. Petitioner answered and denied the material allegations.
De Castro served interrogatories and request for production of documents on petitioner. One interrogatory asked for the names, aliases, and business and home addresses and telephone numbers of each employee of petitioner who contacted De Castro with regard to the collection of the debt and who had left the employment of petitioner within the past two years. Another interrogatory asked for the names and home addresses of current employees engaged in the collection of consumer accounts for petitioner. Petitioner answered the interrogatories by providing the names and business addresses of current employees but refused to divulge their home addresses. It also revealed a past employee who had left the company but refused to give an address for him.
One request for production of documents asked for any correspondence between petitioner and petitioner’s client, the alleged creditor of De Castro. Petitioner provided correspondence relating to De Castro but objected to correspondence as to other debtors, alleging that it would violate federal and state consumer protection acts. On the same grounds it objected to producing its long distance telephone call records for the two months when petitioner’s employees were making calls to De Castro.
De Castro filed a motion to compel, and after a hearing, the court ordered petitioner to provide the home addresses and telephone numbers as requested. It also ordered petitioner to provide the correspondence with the particular creditor and the requested phone records.
Certiorari lies to review pretrial discovery orders if a petitioner demonstrates that the trial court departed from the essential requirements of law, causing irreparable harm. See Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla.1995); Coyne v. Schwartz, Gold, Cohen, Zakarin & Kotler, P.A., 715 So.2d 1021, 1022 (Fla. 4th DCA 1998). Where a discovery order compels production of matters which implicate privacy rights, irreparable harm is demonstrated. See Rasmussen v. S. Fla. Blood Serv., Inc., 500 So.2d 583, 586-37 (Fla.1987).
Petitioner cites Seta Corp. of Boca, Inc. v. Office of the Attorney General, 756 So.2d 1093 (Fla. 4th DCA 2000), for the proposition that it is error for a trial court to order the wholesale disclosure of personnel files, including home addresses, of employees not related to the pending case. We agree with that case but find that its application to these facts prove the trial court did not depart from the essential requirements of law in ordering the disclosure of the addresses and telephone numbers of the limited number of employees involved in the telephone collection of debts. These employees could be witnesses to the petitioner’s allegedly unfair methods of competition and deceptive practices. Moreover, De Castro did not request the personnel files of the employees, simply their addresses.
Petitioner also claims that the court’s order, requiring it to produce telephone records and correspondence involving other debtors, would violate 15 U.S.C. § 1692c (2000) and subsections (5) and (14) of section 559.72, Florida Statutes (2000). 15 U.S.C. § 1692c(b) provides:
Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, *792 with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.
As the release of the documents in this case is by express order of the court, section 1692c is not violated. Moreover, petitioner would not be communicating with a third person “in connection with the collection of any debt.” Id. It would be delivering documents to a party in connection with a lawsuit over deceptive and unfair trade practices.
Similarly, section 559.72 does not apply to the furnishing of documents in this suit. That statute prohibits certain practices “[i]n collecting consumer debts.” § 559.72, Fla. Stat. (2000). As the petitioner is not collecting a consumer debt in responding to an order of the court compelling the production of documents, the statute does not apply.
We therefore deny the petition.
POLEN, C. J., and MAY, J., concur.