SILBERMAN, Judge.
Tonia Root, individually and on behalf of Gage Root, seeks certiorari review of the circuit court’s discovery order approving a magistrate’s recommendations and requiring Root to produce copies of postings on her Facebook account. Root argues that the order departs from the essential requirements of the law because it allows discovery that is overbroad and compels the production of personal information that is not relevant to her claims. We agree and grant the petition.
The underlying action is a negligence action filed by Root against the City of Cape Coral, a construction contractor, and subcontractors (Defendants) for damages Root’s three-year-old son Gage suffered when he was struck by an oncoming vehicle in front of a construction site. The accident occurred while Gage was under the care of his seventeen-year-old aunt. Root alleged that Defendants were negligent for failing to use reasonable care in keeping the construction site safe for pedestrians. Root also raised derivative claims for loss of parental consortium. Defendants raised affirmative defenses including negligent entrustment of Gage by Root, the aunt’s failure to supervise, and the driver’s negligence.
*869 The discovery order at issue requires Root to produce copies of postings on her Facebook account which include the following:
(i.) Any counseling or psychological care obtained by Tonia Root before or after the accident;
(o.) Any and all postings, statuses, photos, “likes” or videos related to Tonia Root’s
i. Relationships with Gage or her other children, both prior to, and following, the accident;
ii. Relationships with other family members, boyfriends, husbands, and/or significant others, both prior to, and following the accident;
iii. Mental health, stress complaints, alcohol use or other substance use, both prior to and after, the accident;
v. Facebook account postings relating to any lawsuit filed after the accident by Tonia Root or others[.]
These categories are in addition to fifteen other categories of information which Root concedes is discoverable.
Root argues that the order departs from the essential requirements of the law because the above-listed categories are overbroad and the order requires the production of personal information that is irrelevant and not likely to lead to the discovery of admissible evidence. Defendants disagree and also argue that Root has not established certiorari jurisdiction in this court because she has not alleged irreparable harm arising from the discovery order.
We begin our analysis with Defendants’ jurisdictional argument. In order to confer certiorari jurisdiction, a petitioner is required to establish irreparable harm that is material and not remediable on postjudgment appeal. Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla.1995); Parkway Bank v. Fort Myers Armature Works, Inc., 658 So.2d 646, 649 (Fla. 2d DCA 1995). An order compelling the production of discovery that implicates privacy rights demonstrates irreparable harm. Fla. First Fin. Group, Inc. v. De Castro, 815 So.2d 789, 791 (Fla. 4th DCA 2002) (citing Rasmussen v. S. Fla. Blood Serv., Inc., 500 So.2d 533, 536-37 (Fla.1987)); see also Holland v. Barfield, 35 So.3d 953, 956 (Fla. 5th DCA 2010) (holding that a discovery order requiring disclosure of private information on a computer hard drive and cell phone SIM card demonstrated irreparable harm). Additionally, an order that entitles a party to carte blanche discovery of irrelevant material demonstrates the type of irreparable harm that may be remedied via petition for writ of certiorari. See Langston, 655 So.2d at 95. We conclude that Root has appropriately invoked our certiorari jurisdiction.
On the merits, trial courts around the country have repeatedly determined that social media evidence is discoverable. See Christopher B. Hopkins & Tracy T. Segal, Discovery of Facebook Content in Fla. Cases, 31 No. 2 Trial Advoc. Q. 14, 14 (Spring 2012). And the Florida Rules of Civil Procedure were amended in 2012 to provide guidelines regarding the production of electronically stored information. See Fla. R. Civ. P. 1.350 committee notes (2012 amend.). As one federal court has stated, discovery of information on social networking sites simply requires applying “basic discovery principles in a novel context.” E.E.O.C. v. Simply Storage Mgmt., LLC, 270 F.R.D. 430, 434 (S.D.Ind.2010).
Under the basic principles for evaluating discovery in Florida, the party seeking discovery must establish that it is (1) relevant to the case’s subject matter, *870 and (2) admissible in court or reasonably calculated to lead to evidence that is admissible in court. Fla. R. Civ. P. 1.280(b)(1); Langston, 655 So.2d at 94. We agree with Root that at present, Defendants have not met this burden as to the requested discovery.
Root’s complaint contains claims on behalf of Gage for negligence as to each defendant and Root’s derivative claims for loss of parental consortium. Defendants responded with several affirmative defenses including negligent entrustment of Gage by Root, the aunt’s failure to supervise, and the driver’s negligence. As to Gage’s claims for negligence, none of the objected-to discovery pertains to the accident itself. Similarly, none of the objected-to discovery pertains to Defendants’ affirmative defenses. Instead, the discovery relates to Root’s past and present personal relationships with all her children, other family members, and significant others; Root’s past and present mental health, stress complaints, and use of alcohol or other substances; and lawsuits of any nature filed by Root or others after the accident.
The requested discovery also appears at this time to be irrelevant to Root’s claims for loss of consortium. Although Root’s deposition has been taken, Defendants do not point to anything claimed by her in support of their contention that the requested information is relevant and discoverable. Generally, any such discovery should have been limited to that related to the impact of Gage’s injury upon Root. See United States v. Dempsey, 635 So.2d 961, 965 (Fla.1994) (“[W]e define loss of ‘consortium’ to include the loss of companionship, society, love, affection, and solace of the injured child, as well as ordinary day-to-day services that the child would have rendered.”).
Moreover, the scope of the discovery compelled in categories (i) and (o )(i, ii, iii, v) regarding Root’s relationships with her entire family and significant others, her mental health history, her substance use history, and her litigation history appears to be the type of carte blanche discovery the supreme court sought to guard against in Langston. See Russell v. Stardust Cruisers, Inc., 690 So.2d 743, 745 (Fla. 5th DCA 1997) (observing that while an individual’s health, life expectancy, and habits are at issue and broad discovery is allowed, a court must still determine which records would be relevant and the court should take protective measures, such as an in camera inspection, to prevent disclosure of irrelevant matters); see also Higgins v. Koch Dev. Corp., No. 3:11-cv-81-RLY-WGH, 2013 WL 3366278, at *3 (S.D.Ind. July 5, 2013) (holding that the defendant was entitled to discovery of the plaintiffs’ Facebook pages limited to the specific material that is relevant to the plaintiffs’ claims).
Significantly, one defendant’s argument to the magistrate who heard the discovery issues supports Root’s contention that the requested discovery constitutes a fishing expedition. The defendant’s attorney stated, “These are all things that we would like to look under the hood, so to speak, and figure out whether that’s even a theory worth exploring.” Even the magistrate acknowledged that relevancy might be a problem, noting that “95 percent, or 99 percent of this may not be relevant.” The magistrate also expressed some misgivings at the possibility that large amounts of material might have to be reviewed in camera.
In summary, based on the current posture of the case we conclude that the portion of the order permitting the discovery of categories (i) and (o )(i, ii, iii, v) must be quashed. Should further developments in *871 the litigation suggest that the requested information may be discoverable, the trial court may have to review the material in camera and fashion appropriate limits and protections regarding the discovery. See Alterra Healthcare Corp. v. Estate of Shelley, 827 So.2d 936, 945-46 (Fla.2002); Russell, 690 So.2d at 745; see also Michael B. Pullano & Matthew G. Laver, Discovery Rulings Increasingly Unfriendly to Facebook Users’ Privacy Rights, 82 U.S.L.W. 867, 892-95 (Dec. 17, 2013) (discussing various approaches courts have taken to ensure that Facebook material requested in discovery is not overbroad). Accordingly, we grant Root’s petition for writ of certio-rari and quash the discovery order as it pertains to categories (i) and (o )(i, ii, iii, v).
Petition granted; order quashed in part.
NORTHCUTT and CASANUEVA, JJ„ Concur.