NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


HARBORSIDE HEALTHCARE, LLC f/k/a )
Harborside Healthcare Corporation; SUN )
HEALTHCARE GROUP, INC.; and 2600 )
HIGHLANDS BOULEVARD NORTH, LLC, )
                             )
         Petitioners, )
                             )
v. )           Case No. 2D16-3770
                             )
ERICK M. JACOBSON and AMANDA N. )
JACOBSON as co-personal representatives )
of the Estate of William F. Jacobson, )
deceased, )
                             )
         Respondents. )
_____)

Opinion filed June 9, 2017.

Petition for Writ of Certiorari to the Circuit
Court for Pinellas County; Bruce Boyer,
Judge.

Thomas A. Valdez, Sheila K. Nicholson,
and Alexis M. Connell of Quintairos, Prieto,
Wood & Boyer, P.A., Tampa, for
Petitioners.

Megan L. Gisclar and Joanna Greber
Dettloff of Wilkes & McHugh, P.A., Tampa,
for Respondents.

BLACK, Judge.

Harborside Healthcare, LLC, f/k/a Harborside Healthcare Corporation; Sun Healthcare Group, Inc.; and 2600 Highlands Boulevard North, LLC (collectively Harborside), challenge the order granting the motion to compel discovery filed by the Estate of William F. Jacobson, through co-personal representatives Erick M. Jacobson and Amanda N. Jacobson (the Estate). We grant the petition in part and deny it in part.

William F. Jacobson was a resident of Bay Tree Center, a nursing facility licensed pursuant to chapter 400, Florida Statutes, from November 20, 2012, until February 4, 2013.[1] After his discharge from Bay Tree Center, Mr. Jacobson passed away. In December 2014, the Estate filed the underlying lawsuit against Harborside, seeking damages for wrongful death, negligence, and violation of nursing home residents' rights. In 2016, the Estate amended the complaint and served the requests for production at issue in this proceeding.

The Estate propounded a request for production and a request for production of electronic mail. The request for production included seventy-three paragraphs with subrequests. Harborside produced responsive documents to some of the requests and objected to others. The objections were tiered. Harborside initially objected to the requests as overly broad, unduly burdensome, vague, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. It also objected to various requests as subject to quality assurance, peer review, attorney-client, or work-product privileges; as proprietary documents; as violative of the privacy rights of

_____

[1]As alleged by the Estate, Bay Tree Center is operated by 2600 Highlands Boulevard North. Harborside Healthcare Corporation and Sun Healthcare Group are involved in the ownership, leasing, operation, or management of Bay Tree Center.

- 2 -

Harborside's employees; and as violative of the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

The request for production of electronic mail included all e-mails or other electronic communications sent or received by virtually any administrator, director, or supervisor for the period of time six months prior to Mr. Jacobson's residency through nine months after his discharge and containing any one of a litany of words or their derivations.[2] Harborside objected to the request as overly broad and—particularly as to those time periods outside of Mr. Jacobson's residency—irrelevant. It further objected based on the e-mails being created for quality assurance purposes and protected by attorney-client or work-product privileges and by HIPAA and chapter 400, Florida Statutes, because the information sought concerned the care and treatment of residents other than Mr. Jacobson. The request for production of electronic mail also included a request for Harborside's electronic mail retention policy.

The Estate filed its motion to compel, along with a memorandum of law and a proposed order granting the motion. The court granted the motion without holding a hearing, executing the order prepared by the Estate.[3] The order contains no

---

[2]The request was directed to the electronic communications of the "Administrator, Director of Nursing, Business Office Manager, Clinical Reimbursement Director/Supervisor, Director of Rehabilitation, Admissions/Marketing Director, Regional Director of Operations, Regional Admissions/Marketing Director, Regional Nurse Consultant, Regional Vice President, any and all members of any Board of Directors, any officers or managers of [Harborside], President, CEO, COO, and/or CFO." It sought electronic communications containing any one of thirty identified words or terms, including: Jacobson, staffing, labor, budget, census, Medicare, Medicaid, infection, return to hospital, and discharge.

[3]Pursuant to an administrative order of the circuit court, the trial court was not required to hold a hearing on the motion. See Re: Motions decided on written submissions—Civil Division, Admin. Order No. 2015-056 (Oct. 23, 2015),

- 3 -

findings and directs Harborside to produce all responsive documents.  Harborside filed a motion for reconsideration, arguing in part that the trial court erred in overruling all of Harborside's asserted objections without a hearing and requesting specific rulings on the asserted objections.  That motion was denied without elaboration.

Harborside now seeks a writ of certiorari quashing the order compelling discovery as to nineteen of the requests for production and as to the request for electronic mail production.  It contends that the trial court departed from the essential requirements of the law in multiple ways, including by determining that the discovery requests were relevant, by failing to conduct the necessary in camera review of certain responsive documents, and by failing to require the Estate to meet the requirements necessary to gain access to privileged or protected documents.

"Certiorari review of a discovery order is appropriate when it 'departs from the essential requirements of law, causing material injury to a petitioner throughout the remainder of the proceedings below and effectively leaving no adequate remedy on appeal.' " Bright House Networks, LLC v. Cassidy, 129 So. 3d 501, 505 (Fla. 2d DCA 2014) (quoting Ameritrust Ins. Corp. v. O'Donnell Landscapes, Inc., 899 So. 2d 1205, 1207 (Fla. 2d DCA 2005)).  Only if the challenged order causes irreparable harm to the petitioner, conferring jurisdiction to this court, do we consider whether the trial court departed from the essential requirements of the law in entering it.  Bright House Networks, 129 So. 3d at 505.

---

http://www.jud6.org/LegalCommunity/LegalPractice/AOSAndRules/aos/2015%20PDF%20Files/2015-056.pdf.  However, Harborside had requested oral argument on the motion to compel; no ruling appears to have been made on that request.

Although not every erroneous discovery order is remediable by certiorari, a writ of certiorari is "an appropriate remedy for discovery orders that depart from the essential requirements of the law by requiring patently overbroad discovery so extensive that compliance with the order will cause material injury to the affected party throughout the remainder of the proceeding, effectively leaving no adequate remedy on appeal." Life Care Ctrs. of Am. v. Reese, 948 So. 2d 830, 832 (Fla. 5th DCA 2007) (first citing Devereux Fla. Treatment Network, Inc. v. McIntosh, 940 So. 2d 1202, 1205-06 (Fla. 5th DCA 2006); then citing Tanchel v. Shoemaker, 928 So. 2d 440, 442 (Fla. 5th DCA 2006); and then citing Wooten, Honeywell & Kest, P.A. v. Posner, 556 So. 2d 1245, 1246 (Fla. 5th DCA 1990)). Similarly, "an order that entitles a party to carte blanche discovery of irrelevant material demonstrates the type of irreparable harm that may be remedied via petition for writ of certiorari." Root v. Balfour Beatty Constr. LLC, 132 So. 3d 867, 869 (Fla. 2d DCA 2014).

Certiorari relief is also appropriate in cases which allow discovery of privileged information because once such information is disclosed, there is "no remedy for the destruction of the privilege available on direct appeal." Coates v. Akerman, Senterfitt & Eidson, P.A., 940 So. 2d 504, 506 (Fla. 2d DCA 2006) (quoting Estate of Stephens v. Galen Health Care, Inc., 911 So. 2d 277, 279 (Fla. 2d DCA 2005)). The same is true of production of discovery implicating privacy rights, Root, 132 So. 3d at 869, requiring disclosure of trade secrets or other proprietary information, Bright House Networks, 129 So. 3d at 505, and requiring production of documents subject to peer

review privilege, <u>Beverly Enters.-Fla., Inc. v. Ives</u>, 832 So. 2d 161, 164 (Fla. 5th DCA 2002).[4]

Moreover, it may be a departure from the essential requirements of the law when the trial court requires production of documents—without explanation—despite objections that statutory protections apply. <u>Bartow HMA, LLC v. Kirkland</u>, 171 So. 3d 783, 785 (Fla. 2d DCA 2015). That is, where the trial court fails to specifically address whether claimed statutory privileges apply, leaving this court "to guess at the basis for the discovery of each document" and as to whether the trial court even considered the objection, certiorari relief may be warranted. <u>Id.</u> at 786-87.

For these reasons, we quash the order to the extent it requires production of documents responsive to paragraphs 10, 11, 16, 27, 28, 29, 30, 31, 32, 34, 35, 39, 40, 50, 61, 62, 65, and 66 of the Estate's request for production. We also quash the order to the extent that it requires production of documents responsive to paragraph 1 of the Estate's request for electronic communications. The order as it relates to the remaining paragraphs of the request for production and request for production of

---

[4]It is also a departure from the essential requirements of the law to require "the disclosure of confidential medical information of nonparties without notice to those parties . . . and without adequate protections to protect the privacy rights of those nonparties under the Florida Constitution." <u>Graham v. Dacheikh</u>, 991 So. 2d 932, 934 (Fla. 2d DCA 2008). Such protections include the redaction of identifying information. <u>Age Inst. of Fla., Inc. v. McGriff</u>, 884 So. 2d 512, 514 (Fla. 2d DCA 2004). Additionally, when the trial court orders the "wholesale disclosure of personnel files containing confidential information of employees not related to the pending case," it departs from the essential requirements of the law. <u>Seta Corp. of Boca, Inc. v. Office of the Att'y Gen.</u>, 756 So. 2d 1093, 1094 (Fla. 4th DCA 2000) (quoting <u>CAC-Ramsey Health Plans, Inc. v. Johnson</u>, 641 So. 2d 434, 435 (Fla. 3d DCA 1994)). Producing employees' complete files "would reveal extensive personal information which is not reasonably calculated to lead to the discovery of admissible evidence." <u>CAC-Ramsey</u>, 641 So. 2d at 435.

electronic communications remains in effect. "Should further developments in the litigation suggest that the requested information may be discoverable, the trial court may have to review the material in camera and fashion appropriate limits and protections regarding the discovery." Root, 132 So. 3d at 870-71.

Petition granted in part and denied in part; order quashed in part.


SILBERMAN and MORRIS, JJ., Concur.