# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

EDWARD BRINKMANN, an individual;
MAJAB DEVELOPMENT, LLC, a Florida limited liability company;
DAVID GRUBER; ABBIE VALENTINE; and
F&E FINE CABINETRY,

Petitioners,

v.

PETRO WELT TRADING Ges.m.b.H,
an Austrian limited liability company;
PETRO WELT TECHNOLOGIES AG, an Austrian stock corporation;
TRADING HOUSE KAToil, LLC, a Russian limited liability company;
KATKoneft, LLC, a Russian limited liability company;
KATOBNEFT, LLC, a Russian limited liability company; and
KAToil-Drilling, LLC, a Russian limited liability company,

Respondents.

No. 2D20-2903

_____

September 29, 2021

Petition for Writ of Certiorari to the Circuit Court for Collier County;
Elizabeth V. Krier, Judge.

Gary M. Carman and Richard F. Danese of Gray Robinson, Miami;
and Kristie Hatcher-Bolin of Gray Robinson, Lakeland, for
Petitioners.

Richard G. Salazar of Buchanan Ingersoll & Rooney PC, Tampa; and Oleg Stolyar and Robert Catalano of Loeb & Loeb LLP, Los Angeles, California, for Respondents.

SMITH, Judge.

In this petition for writ of certiorari related to a discovery order, Petitioners Edward Brinkmann, Majab Development, LLC, David Gruber, Abbie Valentine, and F&E Fine Cabinetry ask this court to quash the trial court's order denying their exceptions to the magistrate's report and recommendations, which they claim overruled their attorney-client and accountant-client privilege objections and ordered them to produce the documents without an in-camera inspection. We grant the petition to the limited extent that the trial court overruled Gruber and F&E's privilege objections. Otherwise, as to the remaining claims raised by Brinkmann, Majab, and Valentine, the petition is dismissed.[1]

---

[1] "Certiorari review 'is appropriate when a discovery order departs from the essential requirements of law, causing material injury to a petitioner throughout the remainder of the proceedings below and effectively leaving no adequate remedy on appeal.' " *Nucci v. Simmons*, 20 So. 3d 388, 390 (Fla. 2d DCA 2009) (quoting *Harley Shipbuilding Corp. v. Fast Cats Ferry Serv., LLC*, 820 So. 2d 445, 448 (Fla. 2d DCA 2002)). Brinkmann and Majab have failed to allege any harm, let alone irreparable harm, to them where the trial court order gives them another opportunity to file a sufficient

The Respondents, Petro Welt Trading Ges.m.b.H and other associated entities, are a network of affiliated foreign companies that provide services for oil and gas producing companies in Russia and Kazakhstan. In the underlying action, Respondents allege that Brinkmann, with the help of his mother, abused his position to misappropriate more than $70 million from Respondents. Brinkmann allegedly routed Respondents' money to offshore companies that were affiliated with him or his mother. Brinkmann and his mother would then transfer the monies from those companies to accounts that are controlled by him or his mother. As alleged by Respondents, more than $39 million was wired from Brinkmann's mother to Petitioner Majab's Florida bank account. Majab was founded by and is owned and solely managed by Brinkmann. The Respondents allege that Majab, as directed by

---

privilege log and does not require that they actually produce any documents. Valentine has likewise failed to establish any material harm where the order overrules any attorney-client privilege asserted by Valentine, who is a third party to the attorney-client relationship. *See State v. Investigation,* 802 So. 2d 1141, 1145 (Fla. 2d DCA 2001) ("Information in the hands of a third party is not covered by the attorney-client privilege.").

Brinkmann, used this money to purchase real property in Florida in an effort to launder the misappropriated funds.

Respondents sued Brinkmann and Majab asserting claims of fraud, fraudulent transfer, unjust enrichment, and violations of Florida's civil RICO (Racketeer Influenced and Corrupt Organization) Act. *See* § 895.05, Fla. Stat. (2015) (setting forth the civil remedies associated with RICO violations). As a part of that lawsuit, Respondents served Brinkmann and Majab with discovery requests. Respondents also served certain nonparties with subpoenas duces tecum. Specifically, Respondents served subpoenas on Valentine, the real estate agent who assisted Brinkmann and Majab in purchasing and selling real estate in Collier County; Gruber, who serves as Brinkmann's and Majab's accountant and records custodian; and F&E, a Florida company incorporated and managed by Brinkmann, which provided furnishings to the properties purchased by Majab.

In response to the discovery requests Brinkmann and Majab turned over some documents and filed a privilege log with regard to others. The nonparties—all of whom were represented by the same attorney representing Brinkmann and Majab—also turned over

4

some documents and voluntarily filed privilege logs.[2]  Respondents filed a motion to compel with regard to Brinkmann, Majab, and the nonparties, arguing the privilege logs are insufficient because they fail to adequately describe the documents withheld.

The motion to compel was referred to the general magistrate, who held a hearing on the motion on June 10, 2020.  On June 19, 2020, the magistrate issued her report and recommendations.  As pertinent to this petition, the magistrate recommended that any asserted privilege objections listing a third party be overruled.  With regard to the nonparties, the magistrate recommended that they "shall produce all withheld and redacted documents referenced in their privilege logs as they have failed to establish any basis for any of the privileges asserted in the logs."

---

[2] While the filing of the privilege logs by the nonparties was procedurally incorrect, this issue has not been raised in this appeal and is not properly considered by this court.  *See Westco, Inc. v. Scott Lewis' Gardening & Trimming, Inc.*, 26 So. 3d 620, 623 (Fla. 4th DCA 2009) (stating that "a privilege log is not required from a non-party producing documents," relying on the language of what is now Florida Rule of Civil Procedure 1.280(b)(6) to distinguish between parties and "other persons" from whom discovery may be sought, and stating that "a protective order is the available remedy for non-parties" under rule 1.280(c)).

Brinkmann and Majab timely filed exceptions to the magistrate's report and recommendations—the nonparties did not file any exceptions. Counsel argued at the hearing, however, that the exceptions were being raised as to the nonparties as well. Respondents did not object otherwise.

During the hearing on the exceptions, the trial court affirmed all of the magistrate's recommendations as they related to Gruber and F&E. Gruber and F&E ask this court to quash the trial court's order denying their exceptions and adopting the magistrate's report and recommendations.

In order to be entitled to certiorari relief a party "must establish (1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the trial (3) that cannot be corrected on postjudgment appeal." *See Parkway Bank v. Fort Myers Armature Works, Inc.*, 658 So. 2d 646, 648 (Fla. 2d DCA 1995) (citing *Gulf Cities Gas Corp. v. Cihak*, 201 So. 2d 250, 251 (Fla. 2d DCA 1967)). Prongs two and three are jurisdictional. *Id.* at 649.

Gruber is the accountant and records custodian for both Brinkmann and Majab; F&E is a Florida company incorporated and

managed by Brinkmann to provide furnishings to the properties purchased by Majab. Gruber provided a privilege log asserting the accountant-client privilege. F&E provided a privilege log, which also asserted the accountant-client privilege as well as the attorney-client privilege. The majority of the entries on these privilege logs do not indicate that any third person, whose inclusion would waive the asserted privilege, was included on the communication. Indeed, many of the communications disclosed on the Gruber log are between Brinkmann and Gruber and many of the communications on the F&E log are between Brinkmann (as manager of F&E) and either Gruber (as its CPA) or its attorneys.

The only findings made by the magistrate in her report and recommendations and adopted by the trial court in its order related to the nonparty privilege assertions are: (1) "Many asserted 'privileges' contained in the third party logs are not privileges recognized by Florida Law and simpl[y] appear to be items that they would like to keep confidential"; and (2) Gruber and F&E "shall produce all withheld and redacted documents referenced in their privilege log. [Gruber and F&E] have failed to establish the basis for any of the privileges asserted in these logs."

"[I]t may be a departure from the essential requirements of the law when the trial court requires production of documents—without explanation—despite objections that statutory protections apply." *Harborside Healthcare, LLC v. Jacobson*, 222 So. 3d 612, 616 (Fla. 2d DCA 2017) (citing *Bartow HMA, LLC v. Kirkland*, 171 So. 3d 783, 785 (Fla. 2d DCA 2015)); *see also E. Bay NC, LLC v. Est. of Djadjich ex rel. Reddish*, 273 So. 3d 1141, 1144 (Fla. 2d DCA 2019) (same). "That is, where the trial court fails to specifically address whether claimed statutory privileges apply, leaving this court 'to guess at the basis for the discovery of each document' and as to whether the trial court even considered the objection, certiorari relief may be warranted." *Harborside Healthcare*, 222 So. 3d at 616.

The majority of the claims asserted by Gruber and F&E do not include reference to any third parties, which would otherwise waive the privilege. With regard to Gruber, the accountant-client privilege is one that is long recognized by Florida law, contrary to the finding of the magistrate. *See* § 90.5055, Fla. Stat. (2020) (indicating the statutory privilege was first enacted in 1978). The statute allows an accountant to assert the privilege on behalf of the client. § 90.5055(3). And, in this case, it is unclear whether the magistrate

8

considered whether Gruber was properly raising this privilege on behalf of his clients Brinkmann or Majab. With regard to F&E, it is also unclear whether the magistrate considered whether F&E was asserting the long-established attorney-client, *see* § 90.502, or accountant-client, *see* § 90.5055, privileges on its own behalf. Consequently, as in *Harborside* and *Estate of Djadjich*, the trial court's order "leave[s] this court to guess as to whether the trial court even considered the statutory objections raised by" Gruber and F&E and "require [Gruber and F&E] to disclose information that may be privileged," leading to material injury that cannot be remedied after disclosure of the potentially privileged information. *See Est. of Djadjich*, 273 So. 3d at 1145.

In this context—where the accountant-client and attorney-client privileges are expressly recognized by Florida Law, contrary to the express finding of the magistrate—the trial court's order overruling these privileges without any findings or analysis departed from the essential requirements of the law and caused irreparable harm.[3] Accordingly, we grant the petition and quash

---

[3] Whether the facts of this case establish a waiver of that statutory privilege is a question for the trial court in the first

the order insofar as it overrules the privilege objections raised by Gruber and F&E.

Petition granted in part and dismissed in part; order quashed in part.

ROTHSTEIN-YOUAKIM and ATKINSON, JJ., Concur.

_____

Opinion subject to revision prior to official publication.

instance that cannot be resolved by the limited record in this certiorari proceeding.