# Third District Court of Appeal

## State of Florida

Opinion filed January 5, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1869
Lower Tribunal No. 19-10810
_____

**The Bank of New York Mellon, etc.,**
Petitioner,

vs.

**Regis Bontoux, et al.,**
Respondents.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

Akerman LLP, and Nancy M. Wallace (Tallahassee); Akerman LLP, and William P. Heller (Fort Lauderdale); Akerman LLP, and Eric M. Levine (West Palm Beach), for petitioner.

Jacobs Legal, PLLC, and Bruce Jacobs, for respondent Regis Bontoux.

Before FERNANDEZ, C.J., and GORDO and LOBREE, JJ.

GORDO, J.

The Bank of New York Mellon ("BONYM") seeks to quash the trial court's order granting exceptions to the general magistrate's report and recommendation relating to discovery matters in the underlying foreclosure action. We have jurisdiction. See Fla. R. App. P. 9.030(b)(2). Because the trial court rejected the report without a sufficient record or a showing that the general magistrate's findings were clearly erroneous and compelled production of overbroad and irrelevant discovery, we find the court departed from the essential requirements of the law resulting in irreparable harm. We, therefore, grant the petition for writ of certiorari and quash the order granting exceptions to the general magistrate's report.

## FACTUAL AND PROCEDURAL BACKGROUND

In April 2019, BONYM instituted proceedings to foreclose on Regis Bontoux's property. On January 20, 2021, the trial court referred all discovery disputes in this action to the general magistrate and directed the general magistrate to determine whether any objections BONYM raised in response to Bontoux's discovery requests were asserted in bad faith.[1] The

---

[1] In discovery, Bontoux requested BONYM provide information regarding when, how and by whom a rubberstamped endorsement came to be affixed to Bontoux's mortgage note. Bontoux also requested from BONYM certain servicing history computer screenshots, which Bontoux claimed showed when the endorsement forgery occurred. BONYM objected to providing the information and responded that it was not in control or possession of the screenshots.

2

general magistrate heard the pending discovery matters over a two-day period before issuing a 21-page report and recommendation. The general magistrate's report contained factual findings and specifically concluded that BONYM's objections to Bontoux's redundant document requests were not made in bad faith. As such, the general magistrate sustained, in part, BONYM's objections to certain discovery requests.

Bontoux filed exceptions to the general magistrate's report, but did not provide a record or written transcript of the relevant proceedings to the trial court. On June 25, 2021, the trial court heard argument from the parties on the exceptions and later issued a written order granting Bontoux's exceptions. The court found that BONYM's denial of Bontoux's discovery requests was not done in good faith and ordered that the requested documents be furnished in discovery.

**LEGAL ANALYSIS**

"Certiorari review of a discovery order is appropriate when it 'departs from the essential requirements of law, causing material injury to a petitioner throughout the remainder of the proceedings below and effectively leaving no adequate remedy on appeal.'" Harborside Healthcare, LLC v. Jacobson, 222 So. 3d 612, 615 (Fla. 2d DCA 2017) (quoting Bright House Networks, LLC v. Cassidy, 129 So. 3d 501, 505 (Fla. 2d DCA 2014)). "Although not

every erroneous discovery order is remediable by certiorari, a writ of certiorari is 'an appropriate remedy for discovery orders that depart from the essential requirements of the law by requiring patently overbroad discovery . . . .'" Id. (quoting Life Care Ctrs. of Am. v. Reese, 948 So. 2d 830, 832 (Fla. 5th DCA 2007)). "[A]n order that entitles a party to carte blanche discovery of irrelevant material demonstrates the type of irreparable harm that may be remedied via petition for writ of certiorari." Id. (quoting Root v. Balfour Beatty Constr. LLC, 132 So. 3d 867, 869 (Fla. 2d DCA 2014)). We find the jurisdictional prongs for certiorari review are met in this case.

Next, we consider whether the trial court departed from the essential requirements of the law.

> When a trial court reviews the recommendations of a general magistrate it takes on the role of an appellate court. Thus, the trial court's review . . . is limited to determining whether the general magistrate's findings of fact are supported by competent substantial evidence, and whether the general magistrate either made clearly erroneous legal conclusions or misconceived the legal effect of the evidence.

Middleton v. Hager, 179 So. 3d 529, 533 (Fla. 3d DCA 2015) (quoting S.V. v. Dep't of Child. & Fams., 178 So. 3d 421, 422–23 (Fla. 3d DCA 2015)). "Once a trial court appoints a magistrate to . . . make findings, it loses the prerogative of substituting its judgment for that of the magistrate." Cerase v.

4

Dewhurst, 935 So. 2d 575, 578 (Fla. 3d DCA 2006). "[A] [general magistrate]'s findings of fact and conclusions of law come to the trial court clothed with a presumption of correctness, and the trial court may only reject these findings and conclusions if they are clearly erroneous or if the [general magistrate] has misconceived the legal effect of the evidence presented." Khata v. Belova, 274 So. 3d 1208, 1209 (Fla. 3d DCA 2019) (quoting De Clements v. De Clements, 662 So. 2d 1276, 1282 (Fla. 3d DCA 1995)).

Further, pursuant to Florida Rule of Civil Procedure 1.490(j), "[a] party filing exceptions to the magistrate's report must provide the court in advance of the hearing a record sufficient to support that party's exceptions." If a party fails to provide the court with a record sufficient to support a party's exceptions, the exceptions will be denied. Fla. R. Civ. P. 1.490(h). "A record ordinarily includes a written transcript of all relevant proceedings." Fla. R. Civ. P. 1.490(h).

Bontoux did not furnish the trial court with a transcript of the hearings before the general magistrate nor did he demonstrate any clear error on the face of the report and recommendation. The trial court, nonetheless, overruled all of the general magistrate's findings based on the attorney's argument and extra-record filings from unrelated proceedings. The trial court's order failed to address whether the general magistrate's findings

5

were supported by competent, substantial evidence or whether the general magistrate made clearly erroneous conclusions of law. As such, we find the order departed from the essential requirements of law.

Petition granted, order quashed.