# Third District Court of Appeal

## State of Florida

Opinion filed December 23, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0179
Lower Tribunal No. 22-3934-CA-01
_____

**Costco Wholesale Corp.,**
Petitioner,

vs.

**Carl Ditmars,**
Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Abby Cynamon, Judge.

Wicker Smith O'Hara McCoy & Ford, P.A., and Alyssa M. Reiter (Fort Lauderdale), for petitioner.

Law Offices of Suarez & Montero, LLC, and Andres G. Montero and Arianna C. Ledesma; Kula & Associates, P.A., and Elliot B. Kula and Elaine D. Walter, for respondent.

Before SCALES, C.J., and LINDSEY and BOKOR, JJ.

BOKOR, J.

Costco Wholesale Corp. petitions for certiorari review of a discovery order. The challenged order expressly allows discovery of irrelevant evidence that would result in irreparable harm if disclosed. We therefore grant the petition and quash the order below.

I.

Carl Ditmars sued Costco for negligence based on a claim of injury while attempting to remove a heavy box from a shelf with assistance from a store employee. During discovery, Ditmars requested production of all documents reflecting Costco's policies or procedures relating to the "stocking and removal of heavy merchandise" from store shelves at the relevant location. Costco initially objected to this request as overbroad and encompassing confidential information but later claimed that no such policies existed.

After Costco representatives indicated in deposition testimony that store policies relating to the "lifting" of heavy items existed, Ditmars moved to compel better responses to his prior discovery requests relating to "stocking and removal of heavy merchandise." When Costco failed to comply, Ditmars also moved for contempt. Costco responded by claiming that no policy documents specifically relating to "stocking and removal" existed and that Costco considered its "lifting-related" policy documents to

2

be outside the scope of the discovery request. The court again ordered Costco to produce the requested documents, and Costco produced only documents relating to its "lifting" policies.

Ditmars again moved for contempt, and the trial court referred the matter to a special magistrate. The magistrate's report and recommendation concluded that Costco willfully disregarded discovery orders. The report recommended as a sanction that Costco be compelled to produce "all" of its non-privileged policies and procedures "even if the documents exceed the scope of Plaintiff's Request for Production . . . and even if the documents are not relevant to the subject matter of this action and do not relate to the claim or defense of the Plaintiff or Defendant." Costco filed exceptions to the report and recommendation. After an evidentiary hearing, the trial court denied the exceptions, adopted the magistrate's recommendation, and directed Costco to produce the requested documents. This petition followed.

II.

To be entitled to certiorari relief, the petitioner must demonstrate that the challenged order departs from the essential requirements of the law, resulting in material injury for the remainder of the case that cannot be remedied on appeal. See, e.g., Bd. of Trs. of Internal Improvement Tr. Fund v. Am. Educ. Enters., LLC, 99 So. 3d 450, 454 (Fla. 2012). While "irrelevant

3

discovery alone is not a basis for granting certiorari," the supreme court has held that litigants are not "entitled *carte blanche* to irrelevant discovery" and that discovery orders may warrant certiorari relief when they depart from the essential requirements of the law and result in irreparable harm. Id. at 457 (quoting Allstate Ins. Co. v. Langston, 655 So. 2d 91, 95 (Fla. 1995)).

"Discovery is limited to those matters relevant to the litigation **as framed by the parties' pleadings.**" Rousso v. Hannon, 146 So. 3d 66, 69 (Fla. 3d DCA 2014). Accordingly, "an order that entitles a party to carte blanche discovery of irrelevant material demonstrates the type of irreparable harm that may be remedied via petition for writ of certiorari." Harbor Healthcare, LLC v. Jacobson, 222 So. 3d 612, 615 (Fla. 2d DCA 2017) (quoting Root v. Balfour Beatty Constr. LLC, 132 So. 3d 867, 869 (Fla. 2d DCA 2014)); see also Langston, 655 So. 2d at 95 (quashing discovery order "to the extent that it permits discovery even when it has been affirmatively established that such discovery is neither relevant nor will lead to the discovery of relevant information"); Publix Super Mkts., Inc. v. Blanco, 373 So. 3d 1178, 1182 (Fla. 3d DCA 2023) (granting certiorari and quashing discovery order requiring supermarket defendant to produce policies and procedures relating to company-wide operations in slip-and-fall negligence case relating to specific store); Life Care Ctrs. of Am. v. Reese, 948 So. 2d

4

830, 832 (Fla. 5th DCA 2007) (quashing order allowing discovery of "all-encompassing and confidential financial information that has no apparent relevance to the negligence cause of action alleged").

Here, there is no dispute that the challenged discovery order is patently overbroad and encompasses irrelevant information; the report and recommendation adopted by the trial court expressly directed disclosure of "all of Costco's policies and procedures," including materials that are "not relevant to the subject matter of this action and do not relate to the claim or defense of the Plaintiff or Defendant." While the order does purport to exclude confidential materials, it still goes beyond the original request of policies or procedures relating to the "stocking or removal of shelves." Costco also alleges that compliance with the order would require disclosure of confidential business information and trade secrets such as marketing strategies and client lists.

Ditmars argues that certiorari is inappropriate because the challenged order was imposed as a sanction for discovery violations and such sanctions are within the discretion of the trial court. But a court's discretion with respect to evidentiary matters is still constrained by the applicable law. See, e.g., Demoura v. Travelers Home & Marine Ins. Co., 329 So. 3d 799, 800–01 (Fla. 5th DCA 2021) ("Trial courts do not have discretion to ignore the Rules of

Evidence or the Rules of Civil Procedure." (citation modified)). Trial courts may not grant discovery of otherwise irrelevant or confidential materials as a sanction. See Fla. R. Civ. P. 1.380(b)(2) (listing sanctions that may be imposed for failure to comply with a discovery order).

The claims in the complaint solely concerned whether Costco caused injury by negligently organizing its store shelves or by failing to properly train its employees or adopt procedures to avoid such accidents. Because the trial court's order improperly allows carte blanche discovery of materials irrelevant to these claims, we grant the petition and quash the order because it requires disclosure of evidence that is "neither relevant nor will lead to the discovery of relevant information." Langston, 655 So. 2d at 95.

Petition granted; order quashed.